```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

UNITED STATES OF AMERICA ex rel.,
GREG WESTFALL and SUZANNE WESTFALL,

        Plaintiffs,
v.

                                Case No. 8:06-cv-571-T-33TBM

AXIOM WORLDWIDE, INC. et al.,

        Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to "Defendants Axiom Worldwide, Inc. and Axiom Worldwide, LLC's Motion to Seal or, Alternatively to Reconsider Relator's Motion to File Exhibits Under Seal" (Doc. # 35), filed on June 12, 2008. On June 30, 2008, Plaintiffs filed their "Response in Opposition to Defendants, Axiom Worldwide, Inc. and Axiom Worldwide, LLC's Motion to Seal or Alternatively, to Reconsider Relator's Motion to File Exhibits Under Seal" (Doc. # 49). For the reasons that follow, this Court grants Defendants' motion.

**I.    Legal Standard**

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision

and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308.  Further, as explained in Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

**II. Background**

Plaintiffs Greg and Suzanne Westfall filed their amended complaint under the False Claims Act, 31 U.S.C. § 3729, on

March 31, 2008. (Doc. # 25).  In their amended complaint, Plaintiffs allege that Defendants employed a scheme "to market, promote and sell DRX spinal decompression devices to healthcare professionals in order to obtain money for their personal financial benefit." (Id. at ¶ 11).  Plaintiffs also allege that Defendants and others acting in concert "did sell and cause to be sold spinal decompression tables known as DRX-9000 tables (and related tables) to various doctors under various false and fraudulent representations when they had knowledge and should have known that such representations were false and fraudulent . . . knowingly causing false and fraudulent claims to be presented to Medicare and other federal healthcare programs officials." (Id. at ¶ 17).

On June 5, 2008, Plaintiffs filed a motion to file under seal certain exhibits to the amended complaint, namely Axiom's sales training manual and partial client list. (Doc. # 30). Plaintiffs' motion to seal conveyed that Plaintiffs "challenged" the confidentiality of the documents, but filed the motion "to preserve and protect Defendants' assertions of trade secrets and confidentiality." (Id.).  Plaintiffs' motion to seal lacked detail and did not discuss or apply the local rules regarding motions to seal.  Plaintiffs' motion to seal

indicated that such motion was an unopposed motion. (Id. at 3).

On June 6, 2008, the Honorable James D. Whittemore, United States District Judge, entered an order denying Plaintiffs' motion to seal. (Doc. # 31). Judge Whittemore's order explained:

> The common-law right of access to judicial proceedings establishes a presumption that criminal and civil actions should be conducted openly and that judicial records are subject to inspection and copying. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). Plaintiffs have failed to provide sufficient justification for this Court to exercise its discretion to withhold judicial records from the public's view.

(Doc. # 31 at 1).

Defendants stridently oppose the public disclosure of their customer list and training manual and, therefore, filed the present motion to seal and for reconsideration. Defendants seek an order mandating that the manual and customer list be filed under seal. Defendants have filed their motion as a motion for reconsideration of Judge Whittemore's June 6, 2008, order denying Plaintiffs' motion to seal or, in the alternative, Defendants' own motion to seal. (Doc. # 35). Because Defendants seek an order granting the relief that Judge Whittemore specifically denied, this Court

will consider Defendants' motion as a motion for reconsideration.

### III. Motion for Reconsideration

#### A. Defendants' Arguments

Defendants' motion for reconsideration supplies this Court with new evidence and new arguments in favor of sealing Defendants' manual and customer list. Defendants correctly argue that Plaintiffs "did not have any incentive to set forth sufficient justification" for their motion to seal "because the denial of the [m]otion has no effect on [Plaintiffs] and, in fact, provides them with an inequitable sword to use to further damage Axiom." (Doc. # 35 at 2). It is clear that Defendants are in a better position than Plaintiffs to defend the confidentiality of Defendants' documents. Thus, the Court will now consider the merits of the arguments presented by Defendants, the parties with a significant financial interest to protect in this cause.

Defendants contend that the training manual and customer list "are irrelevant to [Plaintiffs'] False Claims Act allegations." (Doc. # 35 at 2). Defendants also warn that publically filing the customer list will "place into the public record personal information (including numbers for cell phones, home phones, fax numbers and potentially home

-5-

addresses) of hundreds of non-parties without their knowledge or consent." (Id.). As to both the customer list and manual, Defendants contend that neither contain a single shred of evidence concerning an alleged false claim.

Furthermore, Defendants have attached numerous documents evidencing the proprietary and confidential nature of the manual and customer list and the steps that Defendants took to safeguard the confidentiality of the documents. For instance, Defendants filed numerous confidentiality agreements that both Plaintiffs signed regarding the disclosure of confidential information owned by Axiom. In one such agreement, signed by Plaintiff Greg Westfall on February 11, 2003, Mr. Westfall agreed not to disclose, for a period of ten years after the agreement, among other things, the "production processes, marketing techniques and arrangements, mailing lists, financial information, customer, prospect, patient names, supplier data and other materials or information relating to [Axiom's] business and activities and the manner in which [Axiom] do[es] business."   (Doc. # 35-3 at 1-5).

In addition, Defendants filed the affidavit of James Gibson, Jr., the president and director of Axiom Worldwide, Inc. and the managing member of Axiom Worldwide, LLC. (Doc. # 35-2). Among other, numerous averments, Mr. Gibson states as

-6-

to the customer list that it is "highly confidential" because it identifies "persons, including contact information, who Axiom has already expended resources trying to educate about the technology." (Doc. # 35-2 at ¶ 7).  Mr. Gibson further explains, "The list maintained by Axiom further includes contact information (sometimes including home phone numbers and cell phones) dates of sales, sales representative[s] who made the sale, the number and types of devices purchased, and other information to assist Axiom in selling additional devices and servicing its customers." (Id.).  Further,

> Axiom's customer list derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure.  Axiom's competition would be able to use the proposed exhibit to contact quality sales leads without ever having to expend any resources to obtain this list which has taken Axiom several years and tens of thousands of dollars to develop.

(Id. at ¶ 10).

Mr. Gibson also points out that Plaintiffs "were provided with copies of Axiom's customer lists and sales training manuals subsequent to the execution of the confidentiality agreements [and] Axiom would not have provided any confidential materials to [Plaintiffs] without their promises to maintain the confidentiality of those materials."

-7-

(Id. at ¶ 17).  In the final paragraph of his affidavit, Mr. Gibson indicates, "If Axiom's trade secrets and confidential business information are disclosed to the public without any protection for Axiom, Axiom will suffer considerable damages" including unfair competition from competitors and lost sales. (Id. at ¶ 20).

### B. **Plaintiffs' Arguments**

Although Plaintiffs were the parties who initially moved the Court to seal the customer list and the manual, Plaintiffs now argue that these documents should be disclosed in full to the public via electronic filing.  In support of their position, Plaintiffs contend that the state court has ordered Axiom to produce such documents to Plaintiffs in state court litigation, that Axiom's customer information is located on the internet, and that the training manual contains evidence of fraud.

Furthermore, Plaintiffs assert that the training manual and customer list do not qualify as "trade secrets" under Florida Statute Section 90.506 "Privilege with respect to trade secrets," which states:

> A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice.  When the court directs disclosure, it

>     shall take the protective measures that the
>     interests of the holder of the privilege, the
>     interests of the parties, and the furtherance of
>     justice require.  The privilege may be claimed by
>     the person or the person's agent or  employee.

Fla. Stat. § 90.506.  Specifically, Plaintiffs posit that Defendants are not qualified to assert a privilege against disclosure because Defendants have engaged in fraud, seek to work an injustice on the public, and seek to conceal their fraud.

**IV. <u>Analysis</u>**

In this district, the proponent of a motion to seal must include: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason for sealing each item; (iv) the reason that mean other than sealing is unsatisfactory to preserve the interest advanced by the motion to seal; (v) a statement of the duration of the seal; and (vi) a memorandum of law.  <u>See</u> Local Rule 1.09, M.D. Fla.

Defendants have provided analysis on each point enumerated in Local Rule 1.09, M.D. Fla., with the exception of the duration of the seal.  For the reasons that follow, this Court directs the Plaintiffs to seal the training manual and customer list and determines that the duration of the seal shall be for one year.

This Court specifically rejects Plaintiffs' argument that the customer list is not confidential because the identities of Defendants' customers can be discovered through internet searches.  The customer list is a finished product, and it is complete with confidential information about innocent third parties.  It may very well be the case that a skilled computer forensics expert or other individual could, after extensive searching and research, uncover the same information that exists on Axiom's customer list.  Nevertheless, this does not deplete the intrinsic value of the list or its confidential nature.  This Court surmises that, with tremendous effort and resources, Axiom's customer list could likely be replicated with use of the internet.  However, this does not render the customer list public information.  This Court requires that the list be filed under seal so that a competitor, or other individual, will have to employ its own resources, rather than Axiom's, to ascertain the identities of Axiom's customers.

Furthermore, an order to seal is required to protect innocent third parties, as it is not disputed that the customer list contains very detailed contact information for physicians and other individuals who have not consented to disclosure of their personal information.

This Court has also considered the affidavit of Mr. Gibson, evidence that was not before Judge Whittemore when Judge Whittemore denied Plaintiffs' motion to seal.  It is notable that when presenting the motion to seal, Plaintiffs failed to present any evidence in favor of the motion to seal. Plaintiffs certainly did not file the numerous confidentiality agreements that they signed which touch upon customer lists and other proprietary documents, such as the training manual at issue.  This Court is convinced that means other than sealing the manual and customer list are not available to adequately protect the Defendants and innocent third parties.

This Court also rejects Plaintiffs' argument that Defendants' confidential information should be disclosed because Defendants are engaged in a fraud and seek to conceal such fraud.  Qui tam Plaintiffs have filed their amended complaint alleging that Defendants violated the False Claims Act, but that complaint is subject to a motion to dismiss, and the government elected not to intervene in the case at this time. (Doc. # 2, 3).  In essence, the record contains only allegations of fraud/false claims, and this Court will not allow the disclosure of confidential information to occur by virtue of Plaintiffs' bootstrapping.  Also unavailing are all arguments concerning the state court's rulings on discovery

and other matters in the lawsuit filed by Axiom against Mr. Westfall for unfair competition and other employment matters. This Court is dealing with the same parties in this case, but not the same legal issues.

Accordingly, based upon the new evidence presented by Defendants in their motion for reconsideration, and pursuant to Local Rule 1.09, M.D. Fla., this Court directs Plaintiffs to file the training manual and customer list (exhibits A and B to Plaintiffs' amended complaint (Doc. # 25)) under seal. The aforementioned documents shall remain under seal for a period of one year, subject to an enlargement of this period or a reduction of this period if circumstances so warrant.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Axiom Worldwide, Inc. and Axiom Worldwide, LLC's Motion to Seal or, Alternatively to Reconsider Relator's Motion to File Exhibits Under Seal (Doc. # 35) is **GRANTED** to the extent that this Court directs Plaintiffs to file the training manual and customer list (exhibits A and B to Plaintiffs' amended complaint (Doc. # 25)) under seal.

(2)  The duration of the seal is one year.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of December, 2008.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel and Parties of Record

-13-