UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA ex rel.,
GREG WESTFALL and SUZANNE
WESTFALL,

    Plaintiffs,
v.
                              Case No. 8:06-cv-571-T-33TBM

AXIOM WORLDWIDE, INC., AXIOM
WORLDWIDE, LLC, JAMES J. GIBSON,
JR., NICHOLAS EXARHOS, TIMOTHY
EXARHOS, PEER REVIEW NETWORK,
INC.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court pursuant to Plaintiffs/Relators, Gregory Westfall and Suzanne Westfall's Opposed Motion to Increase Number of Pages Per Minute for the Second Amended Complaint (Doc. # 71), which was filed on March 30, 2009. Relators also filed the second amended complaint on March 30, 2009. (Doc. # 72).

On April 1, 2009, Defendants Axiom Worldwide, Inc., Axiom Worldwide, LLC, James J. Gibson, Jr., and Nicholas Exarhos, DC withdrew their objection to Relator's motion to increase number of pages for the second amended complaint. (Doc. # 73).

**Analysis**

On March 20, 2009, this Court entered an order dismissing Relators' first amended complaint without prejudice. (Doc. # 70). The Court noted that the first amended complaint spanned 49 pages and characterized the first amended complaint as unfocused and meandering. (Doc. # 70 at 9). The Court conditioned Relators' opportunity to amend upon the following requirements: (1) that the second amended complaint be limited to 15 pages; (2) that the second amended complaint specify whether Defendants Peer Review Network and Timothy Exarhos, M.D. have been served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure; (3) that the second amended complaint be organized into counts; and (4) that each count of the second amended complaint (a) identify specific false claims for payment or specific false statements made in order to get a false claim paid by the Government, (b) if a false statement is alleged, connect that statement to a specific claim for payment and state who made the statement to whom and when, and (c) state why those claims or statements were false.

After carefully enumerating these specific requirements, this Court warned, "If Relators fail to comply with this Court's order and with the basic requirements of Rule 9(b) of the Federal Rules of Civil Procedure, this Court will be

inclined to dismiss this case with prejudice." (Doc. # 70 at 26).

Relators filed a motion for leave to file an 18 page second amended complaint, rather than a 15 page second amended complaint. (Doc. # 71). Relators attached the 18 page second amended complaint to their motion and also filed the 18 page second amended complaint.

Defendants initially opposed Relator's motion for additional pages. However, after reviewing the second amended complaint, Defendants indicated, "Had Relators complied with Local Rule 1.05(a), which sets forth the margins which should be used in papers filed with the Court, they would have been able to file a [second amended complaint] that complied with the page limitations imposed by the Court." (Doc. # 73 at 2). Thus, Defendants withdrew their objection to Relators' request for additional pages.

Local Rule 1.05(a) states in pertinent part that "all pleadings and other papers tendered by counsel for filing shall be typewritten, double-spaced, in at least twelve-point type . . . with one and one-fourth inch type, bottom and left margins and one to one-fourth inch right margin." Local Rule 1.05(a), M.D. Fla.

It appears that Relators failed to comply with the Local Rules concerning margins and font.  While the font may well be 12-point, it is obvious that Relators compressed or otherwise manipulated the font to allow additional characters per line.

Of greater concern to this Court is that Relators filed the 18 page document without leave of Court and after the issuance of this Court's order expressly limiting Relators' filing to 15 pages and warning that failure to comply could result in dismissal with prejudice.  Furthermore, Relators did not address the status of service of process on Peer Review Network and Timothy Exarhos.

This Court is particularly concerned by the prospect of Relators' failure to serve Timothy Exarhos because counts one through twenty of the second amended complaint are predicated upon "claims falsely and fraudulently presented by Defendant Timothy Exarhos' Medical Practice" and "claims submitted by use of false records by Defendant Timothy Exarhos' Medical Practice."  (Doc. # 72 at 9-11).

This Court is not pleased by the fact that Relators failed to comply with two of this Court's four enumerated conditions for leave to amend.  In addition, this Court cannot tolerate the blatant violation of its Local Rules.  As such, this Court denies the motion "to Increase Number of Pages Per

Minute for the Second Amended Complaint" (Doc. # 71) and strikes the second amended complaint. (Doc. # 72).

Although this Court would be justified in dismissing this case due to Relators' failure to comply with the conditions placed upon them for filing the second amended complaint, in an abundance of caution, this Court will allow Relators a final chance to move forward with their claims. Relators shall file a second amended complaint, not to exceed 15 pages, within five days of the date of this order. Relators shall comply with all applicable Local Rules. Finally, Relators shall address, via the second amended complaint or via a separate status report to be filed forthwith, the issue of whether Defendants Peer Review Network and Timothy Exarhos, M.D. have been served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Relators' Motion to Increase Number of Pages Per Minute for the Second Amended Complaint (Doc. # 71) is **DENIED**.
(2) The second amended complaint (Doc. # 72) is **STRICKEN** and the Clerk is directed to remove it from the record.

(3) Relators shall file a second amended complaint, consistent with the foregoing, within five days of the date of this order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of April, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record